## Commonwealth v. Albert

*E. W. Spengler, assistant district attorney,* for Commonwealth.

*Kennard Lewis,* for defendant.

FRACK, J., June 13, 1949.—Charles R. Albert was convicted before a justice of the peace of reckless driv-

ing and sentenced to pay a fine of $10 and costs. He thereupon petitioned this court for the allowance of an appeal on legal grounds and we allowed the same.

When the case was called for hearing before this court counsel for defendant before the taking of testimony filed a motion for the dismissal of the proceedings inter alia on the ground that the justice of the peace who heard the case was without jurisdiction to entertain the prosecution and to enter judgment and on the ground that the information was insufficient in law to charge the offense of reckless driving so that the information should be quashed. The latter reason relates to the question of jurisdiction over the subject matter without a sufficient appropriate charge having been filed.

Under section 31 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, 75 PS §731, the legislature has limited the institution of prosecution of an offense of the instant character as follows:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred; Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township. . . . "

The alleged offense occurred in Upper Mount Bethel Township and the prosecution was instituted before

a justice of the peace in the adjoining municipality of Portland, Pa., even though there was a duly commissioned justice of the peace holding office in Upper Mount Bethel Township aforesaid. This was a violation of the aforesaid statutory provision which is a mandatory requirement. The place of bringing the action under the statute is a question of venue and involves a question of jurisdiction of the subject matter. Lack of venue and lack of jurisdiction can be raised at any stage of the proceedings and is fatal to the proceedings: Sadler's Criminal Procedure in Pennsylvania (2d ed.) sec. 7. The disposition is a technical one but the expressed will of the legislature requires such a disposition. Other courts have arrived at the same conclusion over a period of years. See Commonwealth v. Conner, 50 D. & C. 488, Commonwealth v. Stamm, 43 D. & C. 210, Commonwealth v. Beam, 20 D. & C. 321, Commonwealth v. Stine, 20 D. & C. 682, Commonwealth v. Krall, 18 D. & C. 382, and Commonwealth v. Henry, 14 D. & C. 651. It would serve no useful purpose to burden this opinion with the imperative reasons for our conclusion, when they are fully and adequately set forth in the above decisions.

The prosecutor has a duty to ascertain who are elected magistrates in the various municipalities, and if there is a magistrate or magistrates in the municipality in which the alleged violation occurred, the prosecutor must follow the statutory requirement in order that the proper magistrate may assume jurisdiction. If the magistrate refuses to act, there is a remedy available, but that question is not now before us.

The information charges that defendant did "unlawfully operate. . . .a Chevrolet sedan. . . .on a public highway. . . .in a careless manner, disregarding the rights and safety of others, and in a manner so as to endanger any person or property and did run into

and damage" a motor vehicle operated by prosecutrix, in violation of "sub-section a, section 1001, Article X, Act 403, approved May 1, 1929, and any and all amendments thereto", and which reads as follows: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: (a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

The information is insufficient, when it states there was a careless operation only. In order to create the offense of reckless driving under section $1001(a)$ of The Vehicle Code as amended, there must be in addition to mere careless or negligent operation the element of willful or wanton disregard of the rights and safety of others: Commonwealth v. Shriver, 35 D. & C. 1; Commonwealth v. Frisch, 41 D. & C. 266. We are of the opinion that the language of the statute lends itself to no other logical and legal interpretation than that to constitute reckless driving under The Vehicle Code, in addition to carelessness there must be also either willfulness or wantonness so that the offense may be established by one of two acts, namely, a careless plus willful operation of a motor vehicle in disregard of the rights and safety of others, or a careless plus wanton operating of a motor vehicle in disregard of the rights and safety of others. There is some slight authority contra but the great weight of authority and the better view is in accord with our decision.

And now, June 13, 1949, the information is quashed, the case is dismissed and defendant is discharged. Costs to be paid by County of Northampton, but no defendant's costs.